IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MARCUS ANDERSON,

                  Plaintiff,

v.                                                                                            OPINION and ORDER

CORRECTIONAL OFFICER MANDERLE                               19-cv-853-jdp
and JOHN DOE NO. 2,

                  Defendants.

---

Plaintiff Marcus Anderson, appearing pro se, is a prisoner at Columbia Correctional Institution. Anderson alleges that when he was incarcerated at Dodge Correctional Institution, prison staff failed to promptly address his severe allergic reaction to bee stings. Defendant Jamie Manderle has filed a motion for summary judgment based on Anderson's failure to exhaust his administrative remedies on his claims. Dkt. 24. I will grant that motion and dismiss the case. Anderson has filed a series of motions, some of which I will address in the opinion below; his remaining motions are mooted by my dismissal of the case.

**A. Recruitment of counsel**

Before addressing Manderle's exhaustion-based summary judgment motion, I'll address several of Anderson's motions, starting with his renewed motion for the court's assistance in recruiting him counsel. Dkt. 42.

Anderson says that he has no litigation experience, that the case involves questions about medical care that will be too complex for him to litigate on his own, and that he no longer has the help of a fellow inmate who helped prepare some of his materials. He also says that his post-traumatic stress disorder and the medication he takes for his chronic pain hamper his ability to think clearly. I will deny his renewed motion because the materials that he has

filed in opposition to Manderle's exhaustion-based summary judgment motion are clear enough for me to understand what actions he says he took to exhaust his claims. The problem at the exhaustion stage isn't that Anderson needs counsel; it's that he failed to properly follow prison grievance rules.

### B. Other motions

Anderson has filed two motions to compel discovery. Dkt. 31 and Dkt. 47, but discovery was stayed when he filed both of those motions, so I will deny the motions.

Anderson has filed a motion for preliminary injunction, stating that Columbia Correctional Institution staff is harassing him and giving him unwarranted disciplinary tickets. Dkt. 29. I will deny the motion because I can't grant him the relief he seeks: his allegations concern events completely unrelated to the claims in this lawsuit, and he does not allege that the harassment is blocking him from litigating this case.

Anderson has filed a motion for leave to amend the complaint, Dkt. 35, and he followed with another motion along with a proposed amended complaint that does not materially change his allegations but seeks to substitute several prison officials in place of the "John Doe" defendant against whom I allowed him to proceed. I will deny his motions for leave to amend as moot because my exhaustion analysis below dismissing the case applies to anyone who Anderson would attempt to name as the Doe defendant.

Anderson has filed a motion for an extension of his deadline to disclose his expert witnesses, Dkt. 52, but because I am dismissing the case, I will deny this motion as moot.

### C. Exhaustion

Anderson filed a motion for an extension of time to file his brief opposing Manderle's motion for summary judgment, Dkt. 34, but he filed his response by the deadline set by the

court, so I'll deny his motion for an extension of time as moot. After Manderle submitted a reply brief, Anderson submitted documents that he calls a supplemental response, Dkt. 45 and Dkt. 46. I'll infer that Anderson is asking for leave to file a sur-reply and I'll grant his motion. But his supplemental filings don't change the outcome.

The Prison Litigation Reform Act requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about prison conditions. 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. To exhaust administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in Wisconsin Administrative Code Chapter DOC 310. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendant. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

This case involved events that occurred on July 3, 2019, after Anderson was stung in the neck by two bees and he had an allergic reaction. Manderle presents Anderson's inmate grievance history and he says that Anderson filed only one inmate grievance about the incident, on September 11, 2019, which was already after Anderson had been moved to Columbia Correctional Institution. The complaint examiner rejected it as untimely for being filed more than 14 days after the July 3 incident. *See* Wis. Admin. Code § 310.07(2). The reviewing

authority said that it was properly rejected. I agree with Manderle that this grievance was filed too late to properly exhaust his administrative remedies.

But the evidence that Manderle submits shows another grievance: Anderson submitted a grievance immediately after the incident that the institution complaint examiner returned to him on July 8 for his failure to show that he had attempted to informally resolve the problem with staff first. Dkt. 26-2, at 12–13; *see also* Wis. Admin. Code §§ DOC 310.07(1); 310.10(5). When an appeal is returned—as opposed to accepted or rejected—the inmate must correct the problem noted by the examiner and resubmit a returned complaint within ten days. Wis. Admin. Code § DOC 310.10(5).

Anderson says that he followed § DOC 310.10(5) by submitting information requests to prison officials and then refiling his grievance. But he adds that he did not hear back from the institution complaint examiner. He doesn't submit a copy of that grievance, but he says that it was identical to the grievance he filed in September. He also says that he filed two appeals, dated July 14 and July 16, 2019. Dkt. 39, at 12, 19. The prison has no record of those appeals either.

Manderle says that staff didn't receive his alleged corrected grievance or his appeals, and there's no other evidence that Anderson filed them. Manderle argues that Anderson's assertions that he filed these documents should be rejected as unsubstantiated. I do not agree that Anderson's allegations about filing these documents are unsubstantiated—they're supported by his sworn statements that he indeed submitted them.[1] But even if Anderson did submit them, that alone isn't enough to properly exhaust his administrative remedies.

---

[1] With his opposition materials, Anderson includes a document titled "Verification," in which he swears under penalty of perjury that his statements in his "foregoing complaint" are true. Dkt. 38. I infer what he means is that he's swearing to the truth of the statements in his

4

Anderson says that he has met the exhaustion standard because under Wisconsin Administrative Code § DOC 310.10(10), a rejected grievance is fully exhausted after an appeal. And he says that he indeed appealed both his original grievance and his second, unreceived grievance. But section DOC 310.10(10) doesn't say that an appeal of a rejected complaint exhausts a prisoner's administrative remedies: when an appeal of a rejected grievance is affirmed by the reviewing authority as correctly rejected, that means that the prisoner has not properly exhausted his administrative remedies because he failed to follow the ICRS rules. And in any event, Anderson's grievances weren't rejected: the first one was *returned* to him for failure to informally resolve the issue first, and the second was not received by the examiner.

Ultimately, any dispute over the appeals is immaterial to the exhaustion question, because an appeal wasn't the proper step for Anderson take at that point under the ICRS rules. when a grievance is returned, a prisoner needs to correct it and resubmit it. And under *Lockett v. Bonson*, 937 F.3d 1016 (7th Cir. 2019), when a state has a receipt mechanism for informing prisoners that it has received a grievance or an appeal, a prisoner cannot overcome exhaustion by simply alleging that he filed a timely grievance that was lost in transit. Instead, the prisoner must take action to inquire about the missing document.

In *Lockett*, the court of appeals addressed facts similar to this case: a Wisconsin prisoner claimed to have filed a grievance appeal that the state said it had no record of receiving. Because the corrections complaint examiner was required by a regulation to provide a receipt within five working days of receiving an appeal, the court held that the prisoner was "obliged to regard the absence of a receipt as a red flag; he should have undertaken, through the complaint

---

attached opposition materials. He also submits a declaration discussing exhibits he filed, in which he also swears under penalty of perjury to the truth of those statements. Dkt. 39.

procedure, an inquiry to ascertain why he had not received this important document." *Id.* at 1027. Courts have extended this rationale to cases involving a prisoner's initial grievance: under Wis. Admin. Code § DOC 310.10(4), the institution complaint examiner must give written notice of receipt to the prisoner within ten days of the examiner receiving a grievance, so a failure to receive a notice should spur the inmate to file a grievance about the issue.[2] *See White v. Beahm*, No. 19-CV-1797-JPS, 2021 WL 347487, at *4 (E.D. Wis. Feb. 2, 2021) (upholding finding of untimeliness where inmate waited about a month to file a second grievance after failing to receive receipt for first grievance); *Grender v. McCullick*, No. 19-cv-403-bbc, 2020 WL 599547, at *2 (W.D. Wis. Feb. 7, 2020) (inmate "cannot demonstrate an issue of fact with respect to exhaustion by merely asserting that he submitted a grievance for which there is no record and for which he did not receive a receipt.").

Here, Anderson says that he filed his corrected grievance and two appeals, all in mid-July 2019. The evidence he submits about his next efforts to pursue this issue is his September 11, 2019 grievance and letter to the warden, who told Anderson to resubmit his grievance at his current institution. Dkt. 39, at 14. That grievance was ruled untimely for an obvious reason: Anderson submitted it more than two months after the July 3 incident. Applying *Lockett*, I conclude that Anderson failed to properly exhaust his administrative remedies because he waited about two months after he says that he filed his corrected grievance to do anything about the lack of a receipt for that document.

---

[2] I note that I've previously concluded that *Lockett* no longer directly applies to problems with lost grievance appeals, because Wisconsin's grievance regulations were amended to remove the five-day appeal-receipt provision. *See Schneider v. Kostolihryz*, No. 19-cv-756-jdp, 2020 WL 5204061, at *3 (W.D. Wis. Sept. 1, 2020).

6

Because Anderson did not properly exhaust his administrative remedies, I will grant Manderle's motion for summary judgment and dismiss this case without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice). But Anderson would likely find it impossible to file a proper grievance now because the relevant events happened so long ago and because prison officials have already denied his most recent grievance as untimely.

ORDER

IT IS ORDERED that:

1. Plaintiff Marcus Anderson's renewed motion for the court's assistance in recruiting him counsel, Dkt. 42, is DENIED.

2. Plaintiff's motions to compel discovery, Dkt. 31, and Dkt. 47, are DENIED.

3. Plaintiff's motion for preliminary injunctive relief, Dkt. 29, is DENIED.

4. Plaintiff's motions for leave to amend the complaint, Dkt. 35 and Dkt. 49, are DENIED as moot.

5. Plaintiff's motion for an extension of his expert-witness disclosure date, Dkt. 52, is DENIED as moot.

6. Plaintiff's motion for extension of time to respond to defendant's summary judgment motion, Dkt. 34, is DENIED as moot.

7. Plaintiff's motion to submit a sur-reply, Dkt. 45, is GRANTED.

8. Defendant's motion for summary judgment on exhaustion grounds, Dkt. 24, is GRANTED.

9. This case is DISMISSED without prejudice.

10. The clerk of court is directed to enter judgment for defendants and close the case.

Entered March 8, 2021.

                              BY THE COURT:

                              /s/

                              _____

                              JAMES D. PETERSON
                              District Judge